101 F.3d 705
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate
capacity, Plaintiff-Appellee,
v.
INDUSTRIAL PACIFIC, LTD., Industrial Pacific Machine Works,
Inc., a Montana corporation, Douglas C. Barrie,
and Ted Lake, Defendants-Appellants.
 No. 95-36057.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.*
Decided Nov. 13, 1996.
 
 1
 Before: BRUNETTI and O'SCANNLAIN, Circuit Judges, WILLIAMS,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Industrial Pacific, Ltd. ("IP"), Industrial Pacific Machine Works, Inc. ("IPMW"), Douglas C. Barrie and Ted Lake (collectively "Industrial Pacific") interlocutorily appeal the district court's orders in the action filed by the Federal Deposit Insurance Corporation, in its corporate capacity, ("FDIC-Corporate") to establish ownership over the real and personal property of IPMW, an operating company formed by IP's employees in 1984 and operating on property in Kalispell, Montana. The district court's orders dissolve a preliminary injunction issued in 1989 which prohibited FDIC-Corporate from selling the property occupied by IPMW, and commanded IPMW to vacate the premises. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.
 
 
 4
 * Industrial Pacific first argues that FDIC-Corporate did not have the right to give thirty days notice to terminate the Lease until such time as third party operations and management were "identified, accepted and an occupancy date for facility set." (ER at 12.) Contrary to Industrial Pacific's assertions, the handwritten insert in Section Four ("Use of Premises") of the Lease did not establish an indefinite lease period nor nullify the term of the agreement. Section Two ("Term") of the Lease clearly and unambiguously states the term of the lease, as follows:
 
 2. TERM
 
 5
 This Lease shall be on a month to month basis commencing on the date hereof, and continuing on until terminated by no less than thirty (30) days notice from the Lessor to the Lessee. Lessee may similarly terminate this Lease by giving thirty (30 days) notice of its intention to vacate the premises to Lessor.
 
 
 6
 (ER at 10.)
 
 
 7
 If the Lease could not be terminated unless and until a new tenant was available to occupy the buildings, then there would be no reason to include a paragraph concerning a "Term" in the agreement. We conclude that the district court correctly held that the Lease was terminable on thirty days notice.
 
 II
 
 8
 Industrial Pacific next argues that it did not have "claims" which were required to be submitted to the Federal Deposit Insurance Corporation, in its capacity as Receiver, ("FDIC-Receiver") under the claims procedures in 12 U.S.C. § 1821(d). We disagree. Industrial Pacific admitted that its claim regarding the right of first refusal arose on May 30, 1986, the day that FDIC-Receiver sold the property to FDIC-Corporate. As a result, the claim did exist during the administrative claims period, and Industrial Pacific failed to submit the claim to FDIC-Receiver by the claims bar date, September 12, 1986. 12 U.S.C. § 1821(d)(5)(c); D'Oench, Dume & Co. v. Federal Deposit Ins. Corp., 315 U.S. 447 (1942). Furthermore, 12 U.S.C. § 1823(e)(3) bars claims predicated on documents which were not approved by the board of directors of a failed bank; the contracts were never approved in this case.
 
 
 9
 Industrial Pacific's right of first refusal agreement with the failed bank, the Bank of Columbia Falls ("BCF"), was honored when FDIC-Corporate offered to allow Industrial Pacific to match the purchase price in 1990 and the third-party cash bid in 1995. Industrial Pacific refused to match the purchase price on these two separate occasions. Even if this court were to conclude that Industrial Pacific was not required to submit its claims to FDIC-Receiver, our rulings that FDIC-Corporate properly terminated the Lease and that Industrial Pacific refused to purchase the property on at least two occasions trumps such contentions.
 
 III
 
 10
 And finally, Industrial Pacific argues that its contracts with BCF are enforceable against FDIC-Corporate. We need not address this argument, however, because the district court assumed for purposes of its October 12, 1995, rulings that FDIC-Corporate was bound to honor the contracts. It assumed for purposes of argument that all of the contracts were in full force and effect as of January 1, 1989. As the district court stated: "This makes irrelevant all of the Defendant's arguments regarding whether FDIC-Corporate is bound by the 1984 contracts." (ER at 154-55.)
 
 IV
 
 11
 After borrowing one million dollars to purchase the property without repaying a cent, Industrial Pacific has occupied the premises for twelve years rent-free. We agree with the district court that this situation cannot continue.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Spencer M. Williams, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3